IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUBB NATIONAL INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREA D'ALESSIO, et al. | : | NO. 19-157 |

## MEMORANDUM

**Padova, J.**                                                             **June 24, 2019**

Plaintiff Chubb National Insurance Company has moved for an extension of time to serve Defendants Andrea D'Alessio ("D'Alessio"), Andre D'Alessio Construction, Inc. ("D'Alessio Construction"), and D'Alessio Stone Corporation ("Stone Corp.") by publication. For the following reasons, we grant Plaintiff's Motion to the extent that it seeks an extension of time to effectuate service but deny the Motion without prejudice to the extent that it seeks to serve Defendants by publication alone.

## I. BACKGROUND

Plaintiff commenced this negligence and breach of contract action against D'Alessio, D'Alessio Construction, and Stone Corp. on January 10, 2019. D'Alessio is the President of both D'Alessio Construction and Stone Corp.

Plaintiff initially retained a process-serving company to locate and effectuate service on Defendants in Pennsylvania. Shortly after the Complaint was filed, the process server made several attempts to serve Defendants. The process server was able to confirm that D'Alessio no longer resided at his home address in Pennsylvania. (Aff. of Albert Mentz, attached as Ex. B to Pl.'s Mot., ¶ 3.) He was also able to confirm that Defendants no longer maintained a presence at the addresses listed with the Pennsylvania Department of State for Stone Corp. and D'Alessio Construction. (Id. ¶¶ 4-5) The process server then attempted to serve Defendants at D'Alessio's

parents' address. (Id. ¶ 6.) D'Alessio's parents informed the process server that D'Alessio was living in New York, but refused to provide his current address. (Id.)

Plaintiff then retained an investigative firm and located D'Alessio's New York address through a skip-trace search. (Aff. of David Lynam, attached as Ex. A to Pl.'s Mot., ¶¶ 3-4.) A newly-retained process server confirmed D'Alessio's New York address by speaking with neighbors. (Id. ¶ 5.) The new process server also attempted to locate any alternative addresses by engaging in other research techniques, including a three-screen search and a review of the records of the New York Department of Motor Vehicles, but these searches did not provide any definitive results. (Id. ¶ 6.) During an attempt to serve Defendants at the New York address on March 6, 2019, the process server spoke with a man at the property who confirmed that D'Alessio lived at the address and stated that D'Alessio "comes and goes." (Id. ¶ 8.) On his third attempt to serve Defendants at the New York address, the process server observed a man exiting the front door of D'Alessio's home. (Id. ¶ 10.) He recognized the man as the same man who had confirmed that D'Alessio resided at the New York address. (Id.) When the process server inquired about why the man was exiting D'Alessio's home, the man responded that he was "just in the house to turn off the lights," and would not provide any further information or answer any questions. (Id.)

The next day, on March 16, 2019, the process server received a call from a blocked number, and the caller identified himself as a building inspector. (Id. ¶ 11.) The caller informed the process server that a criminal complaint for trespass had been filed against him and that the process server would be arrested if he returned to D'Alessio's property. (Id.) The process server subsequently spoke with a police officer who informed him that the police department had not received any notice of trespassing at D'Alessio's address and that, in any event, a building inspector did not have the authority to call an accused trespasser. (Id. ¶ 12.)

2

Plaintiff now speculates that the man with whom the process server spoke at the New York address was D'Alessio and that D'Alessio was also the unidentified caller claiming to be a building inspector. It therefore argues that D'Alessio is willfully evading service and making it impossible to effectuate personal service. Plaintiff's ninety-day window to serve the Complaint pursuant to Federal Rule of Civil Procedure 4 expired in April of 2019.[1] Plaintiff filed the instant Motion for leave for an extension of time to serve by publication on May 30, 2019. Specifically, Plaintiff requests a sixty-day extension of time to serve Defendants by publishing notice in local newspapers in New Hope, Pennsylvania and Old Westbury, New York once per week for two weeks.

## II. DISCUSSION

### A. Extension of Time for Service

Pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the Plaintiff shows good cause for failing to serve the defendant within those ninety days, then "the court must extend the time for service for an appropriate period." Id.; see also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995) ("First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended."). The United States Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and

---

[1] On April 19, 2019, Plaintiff requested entry of default pursuant to Federal Rule of Civil Procedure 55(a), stating that Defendants were properly served on March 25, 2019, when Plaintiff affixed the summons to the door at D'Alessio's New York address and mailed the summons via first class mail to the New York address. However, such service was not in compliance with the Federal Rules of Civil Procedure and had not been pre-authorized by the court. As a result, the Clerk of the Court refused to enter default.

some reasonable basis for noncompliance within the time specified in the rules.'" <u>MCI Telecomms. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting <u>Petrucelli</u>, 46 F.3d at 1312); see also <u>Teri Woods Publ'g, L.L.C. v. Williams</u>, Civ. A. No. 11-6341, 2012 WL 2681424, at *2 (E.D. Pa. July 6, 2012) ("[G]ood faith alone does not equal good cause. Good cause requires a plaintiff to show good faith plus a reasonable basis for their failure to comply within the specified time limit" (internal citation omitted)).

In evaluating whether good cause exists, a court should consider the following factors: "(1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed." <u>Mathies v. Silver</u>, 450 F. App'x 219, 222 (3d Cir. 2011) (citing <u>MCI</u>, 71 F.3d at 1097-98). However, the "primary focus of the Court's inquiry should be into Plaintiff's reasons for not complying." <u>McFadden v. Weiss</u>, Civ. A. No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014) (citing <u>MCI</u>, 71 F.3d at 1097).

Plaintiff argues that this Court should grant it a sixty-day extension of time to serve Defendants, maintaining that it has established good cause for failing to serve Defendants within the allotted time. As detailed above, Plaintiff has submitted evidence that it, through its retained process-serving companies, has attempted to serve Defendants at five addresses, in two states, and at various times. It has inquired about Defendants' location through speaking with relatives and neighbors and has also utilized other researching techniques that included a three-screen search and a review of the records of the New York State Department of Motor Vehicles. These efforts clearly show that Plaintiff has made a good faith effort to serve Defendants. Moreover, we find that Plaintiff has provided a reasonable basis for its failure to serve within the time limit because

4

the evidence demonstrates that Defendants no longer maintain a presence at their known addresses and, indeed, suggests that Defendants may be willfully evading service. There is also no indication that Defendants will be prejudiced in any way if we grant Plaintiff an extension of time. We therefore conclude that Plaintiff has set forth good cause for failing to effectuate service within the ninety days, and we grant the requested extension on that basis.

B.     Service by Publication

Under Federal Rule of Civil Procedure 4(e)(1), "service may be executed pursuant to the law of the state where the district court is located or where service is made." United States v. Ciccone, Civ. A. No. 16-5839, 2017 WL 480584, at *1 (E.D. Pa. Feb. 6, 2017) (citing Fed. R. Civ. P. 4(e)). Because this Court is located in Pennsylvania, Plaintiff seeks to provide alternative service to Defendants pursuant to Pennsylvania law. Pennsylvania Rule of Civil Procedure 402(a) provides that original process may be effectuated by handing a copy to the defendant personally, to an adult family member at the defendant's residence, or to the defendant's agent at defendant's usual place of business. Pa. R. Civ. P. 402(a). When serving a defendant outside of the state of Pennsylvania, Pennsylvania Rule of Civil Procedure 404(2) provides that the service of original process may be effectuated by mail. Pa. R. Civ. P. 404(2). Service by mail requires "a copy of the process [to] be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403.

If service cannot be made under the applicable rules, the Pennsylvania Rules provide that a "plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). "The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Id. "Alternative service is only appropriate as a 'last resort' when

personal service cannot be made." United States v. Linares, Civ. A. No. 16-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (quoting Johnson v. Berke Young Int'l L.L.C., Civ. A. No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007)). Moreover, "service of process by publication is such 'an extraordinary measure' that the plaintiff must demonstrate that every reasonable effort was made to ensure the defendant receives actual notice of the lawsuit." Id. (quoting Sisson v. Stanley, 109 A.3d 265, 270 (Pa. Super. Ct. 2015)). "[N]early all of the scarce case law addressing Pennsylvania Rule of Civil Procedure 430(a) involve [a] plaintiff's request for publication *when the whereabouts of defendants is unknown*." Calabro v. Leiner, 464 F. Supp. 2d 470, 471 n.3 (E.D. Pa. 2006) (citations omitted).

To obtain such an alternative service order, "the plaintiff must demonstrate that: (1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve [the defendant] under the circumstances; and (3) its proposed alternative means of service is 'reasonably calculated to provide the defendant with notice.'" Linares, 2016 WL 7014192, at *1 (quoting Premium Payment Plan v. Shannon Cab Co., Civ. A. No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007)). Good faith efforts that satisfy the first requirement include "(1) inquiries of postal authorities . . . , (2) inquiries of relatives, neighbors, friends, and employers . . . , [and] (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records . . . ." Pa. R. Civ. P. 430(a), note. With respect to the requirement that a plaintiff show that it made practical efforts to serve, "'[h]alf-hearted attempts at service will not do.'" Banegas v. Hampton, Civ. A. No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (quoting Calabro, 464 F. Supp. 2d at 473). "Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service . . . or

'repeated attempts . . . including a stake out.'" Id. (second alteration in original) (quoting Premium Payment Plan, 2007 WL 2319776, at *1-2) (additional citation omitted).

A court will find a proposed alternative means of service to be reasonably calculated "'only where the court is convinced that the published notice is placed where it is most likely to be seen by the defendant.'" Robertson v. Barnes, Civ. A. No. 14-1641, 2014 WL 3887759, at *5 (E.D. Pa. Aug. 6, 2014) (quoting Barbosa v. Dana Capital Grp., Inc., Civ. A. No. 07-cv-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009)). Moreover, "[f]or the court to determine whether service by publication is reasonably calculated to provide the defendant with notice, the plaintiff must specify the newspapers in which he intends to publish notice." Barbosa, 2009 WL 902339, at *7 (citing Penn v. Raynor, Civ. A. No. 89-553, 1989 WL 126282, at *4 n.3 (E.D. Pa. Oct. 19, 1989)); see also Flannigan v. Borough of Ambridge, Civ. A. No. 06-1350, 2007 WL 404010, at *2 (W.D. Pa. Feb. 1, 2007) (noting that courts will only grant requests for service by publications when the "court is convinced that the published notice is placed where it is most likely to be seen by the defendant"). "A showing that the method of service requested is calculated to notify the defendant of the action is an *essential component* of any supporting affidavit." Flannigan, 2007 WL 404010, at *2 (emphasis added).

Here, Plaintiff has submitted two affidavits of service, one from each service company retained by Plaintiff. Each affidavit of service, described at length above, outlines Plaintiff's difficulty in locating and effectuating service on Defendants. However, alternative service is only available if a plaintiff establishes that it has been unable to effectuate service under the applicable rules, and Plaintiff has not utilized every service method available to it. As stated above, service by mail is permitted under Pennsylvania state law when the defendant being served is outside the state of Pennsylvania, provided that service is effectuated by a "form of mail requiring a receipt

7

signed by the defendant or his authorized agent." Pa. R. Civ. P. 403; Pa. R. Civ. P. 404(2); see also Barkley v. Westmoreland Cty. Children's Bureau, Civ. A. No. 11-983, 2012 WL 4482542, at *1-2 (W.D. Pa. Sept. 26, 2012) (stating a defendant's change of residence was sufficient to establish that the defendant could be served pursuant to Pennsylvania Rule of Civil Procedure 404(2)); Chapman v. Homecomings Fin. Servs., LLC, Civ. A. No. 07-4553, 2008 WL 1859540, at *1 n.2 (E.D. Pa. Apr. 25, 2008) (stating that Pennsylvania Rule of Civil Procedure 404 applies to both corporations and individuals (citation omitted)). Here, Plaintiff believes, and has confirmed through neighbors, that D'Alessio is currently residing in New York. Therefore, we will not approve alternative service before Plaintiff has attempted to serve Defendants by mail pursuant to Pennsylvania Rules of Civil Procedure 404(2) and 403.

Moreover, we will not approve service by publication at this time because such service is an "extraordinary measure" that is ordinarily requested only when the whereabouts of a defendant is unknown and it is reasonably calculated to provide a defendant with notice. Calabro, 464 F. Supp. 2d at 471 n.3; Linares, 2016 WL 7014192, at *1. Here, Plaintiff believes that it knows were D'Alessio is; it simply has not been able to get him to formally accept personal service. We are also unconvinced that the proposed service by publication is reasonably calculated to provide Defendants with notice, in part because Plaintiff has failed to specifically identify the newspapers in New Hope, Pennsylvania and Old Westbury, New York that it would utilize for such service.

Under all of these circumstances, we deny Plaintiff's request to serve Defendants by publication at this point in time and encourage it to utilize all of the available service methods approved by the Pennsylvania Rules of Civil Procedure, including service by mail pursuant to Pennsylvania Rule of Civil Procedure 404(2). We therefore deny Plaintiff's Motion insofar as it seeks leave to serve Defendants by publication, but we do so without prejudice to Plaintiff's right

8

to file a renewed Motion for alternative service at a later point in time after attempting all available approved service methods. Any renewed Motion for alternative service should also specifically address whether the requested alternative is reasonably calculated to provide Defendants with notice.

**III. CONCLUSION**

For the above stated reasons, we conclude that Plaintiff has established good cause for an extension of time to serve Defendants but that Plaintiff has failed to establish that service by publication is either necessary or reasonably calculated to provide Defendants with notice. We therefore grant Plaintiff's Motion insofar as it seeks a sixty-day extension to serve Defendants but deny Plaintiff's Motion insofar as it seeks to serve Defendants by publication at this point in time. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.